IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIANA MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number 19 CV 8239 |
| ) | |
| CITY OF CHICAGO, ) | Hon. Sara L. Ellis |
| a municipal corporation; ) | |
| REGINALD PIPPEN, Star No. 15512; ) | Hon. Mag. Judge Young B. Kim |
| TRACY DREW, Star No. 13167; ) | |
| ) | |
| Defendants. ) | |

## SECOND AMENDED COMPLAINT

The Plaintiff, DIANA MITCHELL, by and through her attorneys, DVORAK LAW OFFICES, LLC, complains against Defendant CITY OF CHICAGO, REGINALD PIPPEN, and TRACY DREW. In support thereof, the Plaintiffs state as follows:

I. **JURISDICTION AND VENUE**

1. The incident in this Complaint occurred on November 20, 2019 in the City of Chicago, in Cook County, Illinois.

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343(a); the Constitution of the United States, and pendent jurisdiction, as provided under U.S.C. § 1367(a).

3. Venue is proper under 28 U.S.C. § 1391(b)(2). On information and belief, all of the events giving rise to the claims asserted herein occurred within the district.

## II. PARTIES

4. The Plaintiff, DIANA MITCHELL, is a resident of the City of Chicago, in Cook County, State of Illinois.

5. Defendant CITY OF CHICAGO is a municipal corporation located in Cook County, Illinois, and is a municipal corporation.

6. Defendant REGINALD PIPPEN and TRACY DREW are City of Chicago police officers (hereinafter "the Defendant Officers") who were working under color of law, and in the course and scope of their employment with the Defendant CITY OF CHICAGO at all relevant times pertinent to this complaint.

## III. FACTS AND CLAIMS

7. On November 20, 2019 around 9:30 p.m., the Plaintiff and her husband began to argue verbally at their home.

8. The Plaintiff called law enforcement to prevent the conflict from escalating and to prevent her children from witnessing the verbal altercation.

9. The Plaintiff has three daughters ages 12, 15, and 16.

10. Two Chicago Police officers, one a male named Officer Chambers and the other a female officer whose identity has yet to be determined, arrived on scene and advised her husband to leave the house to avoid conflict. These officers told the Plaintiff to call 911 if he returned.

11. Around 11 p.m., the Plaintiff's husband returned and as instructed, she called the police.

12. This time, Defendant Officers Pippen and Drew arrived on scene.

13. Both officers were black males.

14. One of the officers was more heavy set than the other.

15. The Plaintiff has yet to identify which officer, Pippen or Drew, was the more heavy-set officer.

16. The Plaintiff went outside and explained the situation to the Defendant Officers. One of the Defendant Officers explained in a hostile tone to the Plaintiff that her husband did not have to leave and that he was tired of women calling the police on men.

17. The Plaintiff went back inside her home and locked the door. When her husband tried to open the door using his key she attempted to stop him.

18. At that point, the more heavy-set of the two Defendant officers [hereinafter heavy-set Officer] intervened by pushing the door open and pulling the Plaintiff out of her home and into the yard.

19. The heavy-set officer placed the Plaintiff's hands above her head and pinned her to the side of the house, pressing his body against hers.

20. While pressed against the side of the house, the Plaintiff was wearing a nightgown that was lifted up exposing the nude bottom half of her body including her genitalia.

21. The Plaintiff complained that she could feel the heavy-set Defendant Officer's genitalia pressed against her naked body and when he did not respond she tried to pull her hands away to cover up her body.

22. In response, both officers pulled the Plaintiff away from the wall. Then the heavy-set Defendant Officer lifted her up, slammed her body onto the ground, and laid on top of her causing her leg to make a loud cracking noise as it twisted unnaturally.

23. Despite the obviously severe injury to the Plaintiff's leg, both Defendant Officers pinned the Plaintiff to the ground.

24. Despite the Plaintiff's protests about her injured leg and again about the Defendant Officer's genitalia pressing onto her naked body, the heavy-set Officer remained on top of her for a prolonged period.

25. After both officers got off the Plaintiff, she was handcuffed and ordered stay on the ground.

26. The Defendant Officers each used excessive force, and they each had a reasonable opportunity to prevent the other from using excessive force, but failed to do so.

27. She remained there for over 30 minutes with her nightgown lifted above her waist and her leg severely injured.

28. When the other Defendant Officer was not assisting the heavy-set officer in battering the Plaintiff, he was watching the harm occur while failing to intervene verbally or physically.

29. The Plaintiff's husband and three minor daughters helplessly witnessed the entire incident and pleaded with the Defendant Officers to stop, but they did not.

30. Emergency medical personnel and numerous other police officers arrived on scene after the injury occurred. Several of the Plaintiff's neighbors also came outside to observe.

31. The Plaintiff was transported to the hospital, where she was diagnosed with severe joint dislocation, and ligament and vascular tears in her left leg.

32. The Plaintiff underwent surgery and spent several days in the hospital under police supervision. During that time, she was not able to contact her family nor were they allowed to visit her, nor was she told that she was under arrest.

33. On her third day in the hospital, two police officers informed her that she was under arrest and handcuffed her to the bed.

34. When the Plaintiff was released from the hospital, she was detained before paying a bond of $300 to be released.

35. This misdemeanor complaint charged the Plaintiff with Domestic Battery for allegedly punching her husband, Harold Campbell, in the face.

*36.* The complaint allegedly showed that Harold Campbell signed it, confirming that he was battered by the Plaintiff.

*37.* However, Harold Campbell denies that the Plaintiff hit him at any point on the night of the arrest. He also denies signing the misdemeanor complaint and upon viewing the misdemeanor complaint he and the Plaintiff believe the signature was forged.

38. The Defendant Officers charged the Plaintiff with two counts of misdemeanor domestic violence and two counts of resisting arrest, all without probable cause or legal justification.

39. The Defendant Officers falsely arrested the Plaintiff, knowing there was no legal basis to do so, and they each had a reasonable opportunity to prevent the false arrest, but failed to intervene to do so.

40. On November 27, 2018, the Plaintiff appeared in court and all charges were dismissed.

41. The disposition of these charges was done in a manner consistent with the innocence of the Plaintiff.

42. As a result of the Defendants' actions, the Plaintiff experienced injuries, including but not limited to, loss of liberty, physical injury and pecuniary damages.

**COUNT I – UNLAWFUL DETENTION AND ARREST/FAILURE TO INTERVENE TO PREVENT AN UNLAWFUL DETENTION AND ARREST**
**42 U.S.C. § 1983**
**Plaintiff v. Defendant Officers**

43. All of the above paragraphs are incorporated herein.

44. Defendant Officers caused to be detained and/or caused to be arrested the Plaintiff without probable cause or other legal justification, therefore acting unreasonably, in violation of his rights under the Fourth and Fourteenth Amendments of the U.S. Constitution, causing her damage.

45. Each of the Defendant Officers knew there was no legal basis for arresting the Plaintiff, had a reasonable opportunity to prevent the false arrest, but failed to intervene to do so.

### COUNT II– EXCESSIVE FORCE/FAILURE TO INTERVENE
### 42 U.S.C. § 1983
### Plaintiff v. Defendant Officers

46. All of the above paragraphs are incorporated herein.

47. Defendant Officers without legal justification caused the Plaintiff to be subject to excessive and unreasonable force, in violation of her rights under the Fourth Amendment of the United States Constitution.

48. Each of the Defendant Officers also had a realistic opportunity to prevent the use of force, but each failed to do so.

49. As a result of the Defendant Officers' conduct, the Plaintiff suffered damages, including but not limited to those described above

### COUNT III– STATE CLAIM
### MALICIOUS PROSECUTION
### (Plaintiff v. Defendants)

50. All previous paragraphs are fully reinstated here.

51. As described above, Chicago Police Department Officers, including but necessarily limited to the Defendant Officers, are employees of the Defendant City of Chicago, acting without probable cause or legal

justification, acting in the course and scope of their employment with the Defendant City, caused the Plaintiff to be maliciously prosecuted for resisting arrest in the Circuit Court Cook County.

52. There was no probable cause for this prosecution.

53. The charges against the Plaintiff were brought with malice.

54. The charges against the Plaintiff were dismissed in a manner consistent with the innocence of the Plaintiff.

55. As a result of the described infringement on Plaintiff's rights, the Plaintiff suffered damages including, but not limited to, those described above.

## COUNT IV – STATE LAW CLAIM
## BATTERY
### (Plaintiff v. City of Chicago and the Defendant Officers)

56. Each paragraph in this complaint is incorporated herein.

57. As described above, one or more City of Chicago police officers, including but not limited to the Defendant Officers, intentionally and/or knowingly and/or willfully and wantonly caused the Plaintiff bodily harm without lawful justification.

58. The Plaintiff brings a claim of battery against the City of Chicago under the theory of *respondeat superior.*

## COUNT V- STATE LAW CLAIM
## INDEMNIFICATION
### (Plaintiff v. City of Chicago)

59. Each paragraph of this Complaint is fully restated herein.

60. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

61. Defendant City of Chicago is the indemnifying entity for the actions of the individual Defendant Officers described herein who took their actions while under color of law and in the course and scope of their employment with the City of Chicago.

62. Thus, the Plaintiff seeks indemnification from the City of Chicago for any judgment obtained against the Defendant Officers.

### Request for Relief

WHEREFORE, The Plaintiff respectfully requests that the Court enter judgment in her favor and against the Defendants, award compensatory damages and attorneys' fees and costs against all Defendants, award punitive damages against the Defendant Officers, and grant any other equitable relief this Court deems just and appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully submitted,

/s/ Richard Dvorak
Richard Dvorak, One of the
Attorneys for the Plaintiff.

Richard Dvorak
Loren Jones
DVORAK LAW OFFICES, LLC

6262 Kingery Highway, Suite 305
Willowbrook, Illinois 60527
630-568-3190
richard.dvorak@civilrightsdefenders.com
loren.jones@civilrightsdefenders.com

## CERTIFICATE OF SERVICE

I, Loren V. Jones, an attorney certify that on September 9, 2020, I caused the above document to be filed with this Court's electronic filing system and served upon counsel of all record

s/ Loren V. Jones